IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|                                          |   |                            |
|------------------------------------------|---|----------------------------|
| SABRINA M. PRITCHETT,                    | * |                            |
|                                          | * |                            |
| **Plaintiff,**                           | * |                            |
| v.                                       |   | Case No.: GJH-14-02996     |
|                                          | * |                            |
| FEDERAL EMERGENCY                        |   |                            |
| MANAGEMENT AGENCY, *et al.*              | * |                            |
|                                          |   |                            |
| **Defendants.**                          | * |                            |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action is brought by unrepresented Plaintiff Sabrina M. Pritchett against her former employer, the Federal Emergency Management Agency ("FEMA") and the Maryland Board of Appeals, Department of Labor, Licensing, and Regulation ("DLLR") appealing the DLLR's denial of unemployment benefits. This Memorandum and accompanying Order address Defendant FEMA's Motion to Dismiss, ECF No. 13, and supporting memorandum, ECF No. 13-1. Plaintiff has not opposed the motion and the time for doing so has passed. The Court finds that a hearing is unnecessary. *See* Local Rule 105.6. For the reasons stated below, Defendant FEMA's motion to dismiss is GRANTED and this case is REMANDED to the Circuit Court for Prince George's County, Maryland.

## I.    BACKGROUND

According to FEMA's unopposed motion to dismiss, Plaintiff worked at a FEMA call center from September 2003 until October 2013 when she was terminated. ECF No. 13-1 at 1. On December 4, 2013, a DLLR Claims Specialist determined that Plaintiff was not eligible for unemployment benefits under Md. Code, Lab & Empl. § 8-1002 because she was terminated for

"gross misconduct." *Id.* at 2. Plaintiff appealed to DLLR's Lower Appeals Division, which concurred with the Claims Specialist. *Id.* Plaintiff then appealed to DLLR's Board of Appeals, but the Board found it did not have jurisdiction to hear the appeal because it was untimely filed. ECF No. 13-7.

Plaintiff filed a "Petition for Judicial Review" in the Maryland Circuit Court for Prince George's County, which states only that she is appealing DLLR's denial of unemployment benefits. *See* ECF No. 2. She also named her former employer, FEMA, as a party. *Id.* FEMA has removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) ("A civil action or criminal prosecution that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending.").

## II.    STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Thus, "[t]he objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). Once such a motion is made, the plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *Khoury*, 268 F.Supp.2d at 606.

The court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F. 3d at 647. In ruling on a motion under Rule 12(b)(1), the court "should 'regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Ferdinand–Davenport*, 742 F. Supp. 2d at 777 (*quoting Evans*, 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

## III.   DISCUSSION

### a.   Subject Matter Jurisdiction

Plaintiff's claim against her former employer, FEMA, related to the denial of state unemployment benefits, is barred by sovereign immunity. "[S]overeign immunity shields the federal government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, the United States can waive its sovereign immunity. *Welch v. U.S.*, 409 F.3d 646, 650 (2005). That waiver must be unequivocal and any alleged waiver is strictly construed in favor of the retention of sovereign immunity. *Id.* at 650–51. It is Plaintiff's burden to show that a waiver exists. *Id.* at 651. Without a waiver of sovereign immunity, a federal court lacks subject matter jurisdiction over the federal government. *F.D.I.C.*, 510 U.S. at 475.

Although the United States has consented to some state torts under the Federal Tort Claims Act, none of those torts involve the denial of state unemployment benefits. *See* 28 U.S.C. § 2675. The Court can find no waiver of sovereign immunity relating to Plaintiff's appeal, and Plaintiff has not opposed FEMA's motion to dismiss or provided any support for an alleged waiver. Plaintiff has not met her burden to show that a waiver exists, and FEMA is therefore

DISMISSED from this case for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1]

### b. Remand

"Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). There is no presumption that a federal court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). A federal court has subject matter jurisdiction generally through federal question or diversity jurisdiction. For this Court to have subject matter jurisdiction, a plaintiff must satisfy the requirement of 28 U.S.C. § 1331, which provides the district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Alternatively, this Court may have jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, which provides jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests of costs and is between [ ] citizens of different States . . . ."

28 U.S.C. § 1447(c) provides, ". . . [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . ." As the court

---

[1]    As FEMA points out, this Court could also find that it lacks jurisdiction because the Maryland state court lacks jurisdiction over FEMA in this case, and the federal court's jurisdiction is derivative of the state court's jurisdiction prior to removal. ECF No. 13-1 at 8 (*citing Palmer v. City Nat. Bank of W. Va.*, 498 F.3d 236, 248 (4th Cir. 2007)).

FEMA also argues that Plaintiff's petition for judicial review fails to state a claim against FEMA. Because this Court lacks subject matter jurisdiction over Plaintiff's suit, the Court will not opine as to the merits of Plaintiff's claims. *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) ("It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court.").

may raise issues of subject matter jurisdiction *sua sponte*, it may also enter a remand order *sua sponte*. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). Plaintiff's appeal contemplates review of a state agency's denial of unemployment benefits. The statutory provisions governing Maryland's unemployment benefits can be found at Md. Code, Labor & Employment §§ 8-101 *et seq.* Under those provisions, a final decision of DLLR's Board of Appeals must be appealed to a Maryland circuit court. *See* Md. Code, Labor & Employment § 8-5A-12. Although 28 U.S.C. § 1442(a)(1) permitted FEMA to remove Plaintiff's action to federal court because a United States agency was a party, the Court is dismissing FEMA as a party to this action, and the action raises no federal question and is not based on diversity jurisdiction. Thus, this Court lacks subject matter jurisdiction and the case is REMANDED to the Circuit Court for Prince George's County, Maryland.

## IV. CONCLUSION

For the reasons stated above, the Motion to Dismiss FEMA as a party, ECF No. 13, is GRANTED. Further, this case is REMANDED to the Circuit Court for Prince George's County, Maryland for lack of subject matter jurisdiction.

A separate Order shall issue.

Dated: November 6, 2014

GEORGE J. HAZEL
United States District Judge